May I please the court? Good morning, Your Honours. Nicolette Glazer, appearing as from appointed pro bono counsel on behalf of plaintiff appellant Mr. Kofi Obeng-Amponsah. Your Honours, this case comes to the court... I apologize, Your Honour. May I reserve four minutes of my time for rebuttal? Keep your eye on the clock. We'll try to... Thank you, Your Honour. Your Honours, this case comes in front of the court on Rule 54b, judgment. And it involves only three defendants. The Morse Entity, U.S. Bank as trustee for the sale trust and Chase Home Finance. Mr. Obeng-Amponsah asserted two claims under TILA and I would like to very briefly address them. One was a rescission claim and one was a damage claim. The district court dismissed the rescission claim finding that the plaintiff had not pled and cannot plead a tender. While the case was already here on appeal, this court decided the merits... Which the decided merit. Correct, Your Honour. And I believe at that point I would ask the court to remand considering the complex factual issues involving this case. Now briefly I would like to say defendants before this court assert that there is no reason to remand because the statute of repose in TILA is implicated. I respectfully disagree with my esteemed counsel because the statute of repose is an affirmative defense. I don't believe it would be appropriate for this court to decide it, especially since the face of the complaint does not make it clear that the repose is implicated here for two reasons. Actually three. The first one is paragraph number 33 of the amended complaint. Mr. Plaintiff asserts that one month in January of 2006, after he was notified that his arm would kick in, he said, I notified the lenders that I wanted to rescind. Now he was not given notice, he didn't elaborate, but if he actually attempted to rescind in 2006, that would be... But didn't he change his mind? No, Your Honour. That was in... He didn't change his mind about that. Well, we never heard it. He went ahead and signed some documents, right? That was in 2004, Your Honour. I'm talking about in 2005, Chase notified him that starting January, your rate is going to be at 11 points. And at that time, he said, one month after I was notified, that's two years after he originally signed his... what he believed was his papers, he received notice that he was not actually subject to a 30-year fixed mortgage, but instead he had an arm. So what he says is, I tried to rescind. Now, again, it is not clear, it was not determined before the district court, but if that is the case, then he would have met the requirement for the report. A bigger problem is that in this particular case, Plaintiff is not seeking to rescind the loan that was consummated. What he says, I consummated in December of 2004, which was a fixed 30-year loan. What he's saying is, I would like to rescind that foisted loan that I never signed. He claims very clearly that the rider and the deed of trust are forgeries. So the question is, the statute of repose, which is a drastic remedy that attaches to the ride, starts from the consummation of the transaction. Well, the question to be decided is, if Mr. Obeng-Amponsa can establish that he really did not consummate that. And again, on the motion for summary judgment, he may not meet his burden, but for purposes of pleading, the question will be, was it ever a consummation of the transaction? Now, the statute of repose, indeed, the Supreme Court says, we don't care about whether the person was diligent, he slept on his ride. What the statute of repose is meant to establish is to provide a peace of mind for the defendant, so that we don't have a forever running claim. Well, in this case, if there was a forgery, and in fact, the plaintiff did not sign that adjusted arm, then the question is, would the purpose behind the statute of repose should be given to a defendant who went ahead and forged the consummation of the transaction? And, specifically, Thiele is a little different, because the statute of repose that is clearly in the Act has a statutory tolling, and it says that the three years, the fixed three years. Does that mean you can never have a statute of repose? No, Your Honor. Let me finish talking. I'm sorry. I've listened to you for a long time. I'm sorry. You can always allege a forgery. It could never get a motion to dismiss on a claim if you put a claim of forgery in your complaint? Well, Your Honor, if here there is a forgery. Why don't you tie it with yes or no? Why don't you start this yes or no, and then you can tell me. Yes, the Court can dismiss a complaint that claimed forgery on a motion to dismiss, absolutely. Under Rigbaud, there is a question of plausibility. So if a court finds that the allegation cannot meet the requirement for a plausible claim, absolutely. The Court will dismiss a complaint. Okay. And why is that not applicable to your client? Well, Your Honor, I believe based on the documents and based on the allegation of this continuing effort of this individual to correct what he believed was really wrong. He was wrong. I don't believe that the question is that there is no forgery. The question is, would he be able to meet the burden? Would the entire fact find him credible? Now he points to a particular place in Rider and says, this is not my signature. Look at my signature. This is what I signed. He actually attached what he said I kept as a copy of what I actually signed. It's sort of a quasi-summary judgment. You look at how – I guess this is the world we live in after trick ball, right? Anyway, you're down to three minutes. You want to save that? I apologize. Thank you, Your Honor. That's all right. May it please the Court, Alan Schoenfeld for the defendants' appellees. To start with the Teeler rescission point, the Teeler rescission claim has a three-year statute of repose, and the plaintiff pleads both that the loan was consummated on December 24, 2004, and that he sent in his rescission notice on June 2 and June 3, 2008. That's paragraph 85 of the first amended complaint. This is the first time, I think, in the course of this very long litigation that plaintiff has pointed to paragraph 33 in the first amended complaint as a suggestion of some attempted and failed rescission. I think the dates are pretty clear from the face of the first amended complaint, which is the operative one for purposes of the rescission claim, that the claim is time-barred. I'm very happy to rest on my papers unless the Court has any questions on any of the claims. You wish to address the forgery issue? Your Honor, all of the grounds for dismissal in this case are essentially procedural. There are some pleading-based claims, but largely the claims are time-barred. The loan was consummated in December of 2004. The plaintiff was aware of the specific fact about which he claims that he was subject to an adjustable rate mortgage no later than December of 2006 when he alleges that Chase sent him a letter saying that the adjustable rate would kick in as of February 1, 2007. That disposes of the TILA, HOPA, RESPA, I think all of those claims on statute of limitations grounds. As to the other claims, there are pleading-based issues that don't get into the forgery question at all. At the 12B6 stage, I don't think the forgery question is, in fact, implicated. If we agree with you, we don't need to get to the FDCPA issue. If we find that Chase assumed loan servicing responsibility prior to any default, do we need to address that? The FDCPA question that's common to the HOA and PAR cases is not actually implicated here. There's no trustee under a California deed of trust in this appeal. And so the only question, and as we point out in our brief, there are no allegations under the FDCPA as to U.S. Bank and MERS. So the only question is whether Chase is... Chases came in before. Exactly, and as we point out, it's apparent from the face of the complaint, Mr. Obengamponsa pleads that Chase became the servicer as of April 1, 2005. That's footnote 3 hanging off of paragraph 58 of the first amended complaint. And he specifically alleges that his loan was not delinquent, much less in default, until April of 2006. So, again, it's clear from the face of the complaint that the loan was in good standing when Chase became the servicer, and that disposes of the only FDCPA claim, the only FDCPA issue that's implicated in this case. The HOA and PARC issue is not implicated in this case at all. Thank you. Okay, thank you. Thank you, Your Honor. Your Honor, just to respond to counsel, he states that all the other claims, the HOPA, the RESPA, and the TILA damage are disposed in the statute of limitation. I believe, again, that is not appropriate. Statute of limitation is an affirmative defense. Those are subject to TILA, to tolling. And what the district court found is that Mr. Obengamponsa did not exercise due diligence. Well, I believe due diligence is a factual issue that should not be decided on affirmative defense for which the defendant bears the burden of proof on a motion to dismiss. With respect to the Federal Debt Collection Practices Act, if I may very quickly respond, I disagree with my esteemed colleague. I believe the question here for Chase is when did he become, last, the servicer? And if the court will look, there are, and this was attached by the defendant, three assignments of the mortgage and the note. Now, we have MERS to U.S. Bank, U.S. Bank back to MERS. But what do you have after your client went into default? Both of the assignments were after that. First, we have an assignment from U.S. Bank, from MERS to U.S. Bank dated May 7, 2007. But what about Chase? What do you have on Chase that happened after the default? Well, we do not know when Chase became a servicer for MERS and then back to U.S. Bank. The question here is can we say once a servicer, always a servicer? Well, when you sell the note in the mortgage, then the servicing rights go to the entity that receives it. Maybe they appointed Chase again, but we don't know when that happened. And again, it's a factual issue. If during these transfers back and forth there was an intervening servicer, then Chase coming back will make him a servicer after, on behalf of the creditor, after there was a default on the note, which was in 2006. Any other questions, Your Honor? I think we are okay. Thank you, Your Honor. Thank you very much. The case is signed. You will stand submitted.
judges: Korman, Kozinski, Callahan